Filed 6/6/24  P. v. Stewart-Lormer CA1/4
Opinion after vacating prior opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANIELLE ANNA MARIE STEWART-LORMER,<br><br>        Defendant and Appellant. | A169472<br><br>(Sonoma County Super. Ct. Nos. SCR-757162-1, SCR-765370-1) |

Danielle Anna Marie Stewart-Lormer appeals from her combined sentence of sixteen months in state prison.  Stewart-Lormer's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) summarizing the facts and procedural history, asking this court to independently review the record to identify any issues warranting review.  Stewart-Lormer was advised of her right to file a supplemental brief.  On June 5, 2024, Stewart-Lormer's counsel provided us with what he believed was intended as a supplemental brief.

Finding no arguable issues on appeal, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 3, 2023, in Sonoma County Superior Court, Case No. SCR-757162-1, Stewart-Lormer entered a no contest plea to count 1 of the felony

complaint — second-degree commercial burglary — in violation of Penal Code section 459.[1] Stewart-Lormer was released pending sentencing. On May 12, 2023, the trial court suspended the imposition of sentence and placed Stewart-Lormer on formal probation for a period of 24 months under the following terms and conditions: that she participate in and complete mental health and substance abuse programs as directed by the Adult Probation Department; and other standard terms and conditions, fines, and fees. She was given credit for time served and released.

On August 14, 2023, Stewart-Lormer was arrested after a dispatch call indicated she was in possession of a firearm and talking to herself in an agitated state. During the arrest, the officers had to use a 40mm less lethal foam baton and K9 dog to take Stewart-Lormer into custody. During a search of her person, the officers seized two knives and a plastic BB gun.

On August 18, 2023, in Sonoma County Superior Court, Case No. SCR-765370-1, the People filed a two-count felony complaint against Stewart-Lormer, charging her in count 1 with carrying a dirk or dagger, in violation of section 21310, a felony; and in count 2 with resisting arrest, in violation of section 148, subdivision (a)(1), a misdemeanor.

On October 10, 2023, the trial court terminated the probation in Case No. SCR-757162-1, as unsuccessful, revoked probation, and sentenced Stewart-Lormer to a mitigated 16-month county jail state prison sentence pursuant to section 1170, subdivision (h).

On this same date, in Case No. SCR-765370-1, Stewart-Lormer entered a plea of no contest to count 1 of the complaint, carrying a dirk or dagger in violation of section 21310, a felony. On the plea agreement form executed by Stewart-Lormer, it states that the custody period would be 16 months in

---

[1] All undesignated statutory references are to the Penal Code.

state prison to run concurrent with the sentence in Case No. SCR-757162-1 of 16 months.[2]

Again, on this same date, the trial court in Case No. SCR-765370-1 sentenced Stewart-Lormer to a mitigated 16-month county jail state prison sentence pursuant to section 1170, subdivision (h), to run concurrently with the sentence in Case No. SCR-757162-1. The trial court did not order a split sentence under section 1170, subdivision (h)(5)(B). Instead, it sentenced Stewart-Lormer to straight time with no mandatory supervision pursuant to section 1170, subdivision (h)(5)(A). The total aggregate term for both cases was 16 months in state prison.

The trial court credited 231 days for time served and 230 days of conduct credits in Case No. SCR-757162-1, for a total of 461 days, which left nine days remaining to serve. In Case No. SCR-765370-1, the trial court credited 58 days of time served and 58 days of conduct credits for a total of 116 days.

On December 20, 2023, Stewart-Lormer, in pro per, filed a timely notice of appeal along with a request for a certificate of probable cause. In her request for a certificate of probable cause, Stewart-Lormer indicated that her release date should have been October 19, 2023, but that she was given a consecutive release date of April 9, 2024. Stewart-Lormer argued that April 9, 2024, was not her understanding of the negotiated plea, and requested the April 9, 2024, date be vacated. The certificate of probable cause was granted by the trial court.

---

[2] Appellant's counsel for Stewart-Lormer interpreted the plea form as 16 months county jail and 16 months mandatory supervision upon release; however, we think the correct interpretation is 16 months on the probation violation to run concurrently.

On January 3, 2024, Stewart-Lormer filed a petition for writ of habeas corpus in the Sonoma County Superior Court, which raises the same concern about her April 9, 2024, release date mentioned in the certificate of probable cause filed with the notice of appeal.

## DISCUSSION

Stewart-Lormer's counsel filed a *Wende* brief on April 9, 2024. On May 31, 2024, Stewart-Lormer's counsel forwarded to the court what he assumed was intended as a supplemental brief by Stewart-Lormer. Stewart-Lormer's notice of appeal is from a final judgment after her no contest plea and is based on the sentence or other matters occurring after the plea pursuant to section 1237 and California Rules of Court, rule 8.304(b)(2)(B); the denial of a motion to suppress evidence under section 1538.5;[3] the validity of the plea or admission; and on the grounds set forth in her certificate of probable cause. In addition, an order revoking probation is appealable as an order made after judgment affecting the substantial rights of the party. (§ 1237, subd. (b); *People v. Vickers* (1972) 8 Cal.3d 451, 453, fn. 2.)

While conducting our independent review of the cases, we noted on October 14, 2022, in Case No. SCR-757162-1, Stewart-Lormer failed to appear for her court date and a bench warrant was issued for her arrest. On October 26, 2022, Stewart-Lormer was returned on the bench warrant. At this court date, Stewart-Lormer's defense counsel declared a doubt as to her mental competence to stand trial and she was referred for evaluation and a report pursuant to section 1368 with the report due on November 28, 2022, and a hearing on December 5, 2022.[4] On April 3, 2023, Stewart-Lormer was

---

[3] After a review of both dockets, we are unable to find any motion to suppress that was filed in either of these cases.

[4] There are no other docket entries in the record regarding the section 1368 status until April 3, 2023.

found mentally competent, and criminal proceedings were reinstated based on the section 1372 report. On this same date, Stewart-Lormer entered her plea to count 1 of the felony complaint — second-degree commercial burglary — in violation of section 459. There is nothing in the record to suggest that Stewart-Lormer did not understand the proceedings at this time; nor is there any mention of concern by defense counsel, the prosecution, or the trial court. She responded to the trial court's questions appropriately and coherently, and the trial court found Stewart-Lormer's plea and waivers to be knowing, voluntary, and intelligent.

On June 20, 2023, Stewart-Lormer's probation in Case No. SCR-757162-1 was modified. The modification was supported by the evidence and without any indication of an abuse of discretion on the part of the trial court.

We question whether the document Stewart-Lormer's counsel forwarded to us was intended to be a supplemental brief. It is a collection of handwritten notes — some only individual words, numbers, or addresses — with no discernable legal arguments or claims. So far as we can tell, nothing in the document purports to identify any error in the proceedings in the trial court, and there is nothing clear enough to enable us to formulate a response.

After reviewing the entire record on appeal, pursuant to *Wende, supra*, 25 Cal.3d 436, we find no issues requiring further briefing.

## DISPOSITION

The judgment is affirmed.

HITE, J. *

We concur:


BROWN, P. J.
GOLDMAN, J.

*People v. Stewart-Lormer* (A169472)

---

* Judge of the Superior Court of California, City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.